UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JOEY LYNN JONES )
)
v. ) NO. 2:09-CV-76
) *Greer/Inman*
HAWKINS COUNTY SHERIFF'S DEP'T )

## **MEMORANDUM and ORDER**

Joey Lynn Jones, a prisoner now housed at the Hamblen County Detention Center [HCDC], has filed this *pro se* civil rights complaint for damages and future medical expenses under 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when he was denied a pass to attend his father's funeral and was not escorted to the services.

While a copy of plaintiff's certificate of funds at the HCDC reflects that he now has and, for the last six months, has had no funds whatsoever in his trust account, a prisoner, regardless of his financial situation, must pay the filing fee, even if it must be collected in increments. 28 U.S.C. § 1915(b)(1). Therefore, plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full

$350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

To ensure compliance with the assessment procedures outlined above, the Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the HCDC.

The Court must now screen the complaint to determine whether it fails to state a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  If it falls within any of the above categories. it or any portion thereof must be dismissed.

Plaintiff claims that his father passed away while he was incarcerated in the Hawkins County jail and that he was not permitted to attend the funeral.  Thus, plaintiff did not get to say his goodbyes to his parent.  Refusing to escort him to his father's funeral services caused plaintiff mental anguish and, as he sees it, violated his right not to be subjected to cruel and unusual punishment.

At the outset, the defendant named by plaintiff is a non-suable entity.  The Hawkins County Sheriff's Department is not a "person" who can be sued under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent*

---

[1] Payments should be mailed to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

*County Correctional Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) (a jail is not a suable entity).

The claims for damages are problematic also. Plaintiff does not allege, and it does not otherwise appear, that he sustained any physical injury as a result of the purported conduct and events. Under the Prison Litigation Reform Act, a prisoner may not bring a claim for emotional or mental harm absent a showing of prior physical injury. *See* 42 U.S.C. § 1997e(e). Here, plaintiff has not claimed that he suffered any physical injury as a result of the alleged wrongful conduct and, thus, § 1997e(e) does not permit him to bring his claims for monetary damages.

In addition, the law is well settled that, to state a viable § 1983 claim, plaintiff must allege: 1) that he was denied a right privilege or immunity secured by the constitution or laws of the United States, and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to make the first showing because the Constitution does not confer a due process right upon a prisoner to attend a funeral. *See, e.g., Williams v. Wilkinson*, 51 Fed.Appx. 553, 557, 2002 WL 31558075, *4 (6th Cir. Nov. 15, 2002); *Rathers v. Raney*, 2000 WL 1871702, *2 (6th Cir. Dec. 13, 2000); *Lamb v. Burke*, 1995 WL 371648, *1 (6th Cir. June 21, 1995); *Burks v. Harris*, 1995 WL 325688 *2 (6th Cir. May 30, 1995); *Bowser v. Vose*, 968 F.2d 105, 106 (1st Cir. 1992) (per curiam) (listing cases). As the last cited case recognizes, the denial of a funeral furlough implicates no liberty interest of a

prisoner which is protected by the due process clause of the U.S. Constitution. *Id.*

Furthermore, even though "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," *Helling v. McKinney*, 509 U.S. 25, 31 (1993), the Eighth Amendment either is not applicable in this context or the allegations do not state a viable claim.

An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind —one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Helling*, 509 U.S. at 36 (emphasis in original). The Court recognizes that there are occasions when circumstances prevent even free world citizens from attending a parent's funeral and it, therefore, concludes that the refusal to allow plaintiff to attend his father's funeral service is not such a risk. *See Thomas v. Farley*, 31 F.3d 557 (7th Cir.1994) (rejecting a claim that disallowing an inmate to attend his mother's funeral amounted to cruel and unusual punishment); *but see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (assuming,

but not finding, that "if, in order to cause a particular inmate psychological distress, prison officials deny the inmate leave which is otherwise available to attend a parent's funeral, such conduct may in some circumstances constitute cruel and unusual punishment").

Even so, accepting that the rejection of an inmate's request to attend a father's funeral is a sufficiently serious deprivation for constitutional acknowledgement, there is nothing from which to draw an inference that the only named defendant (Hawkins County Sheriff's Department) possessed a state of mind of deliberate indifference. *Farmer*, 511 U.S. at 841-42 ("Needless to say, moreover, considerable conceptual difficulty would attend any search for the subjective state of mind of a governmental entity, as distinct from that of a governmental official").

For the above reasons, the Court finds that plaintiff has failed to state a claim for relief under § 1983, that his complaint is frivolous, and that his case should be dismissed. 28 U.S.C. § 1915(e)(2)(B); § 1915A.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE